ABBOT, Appellant, vs. CITY OF MILWAUKEE and another, Respondents.

*December 6, 1911—January 9, 1912.*

*Municipal corporations: Sidewalks: Repairing and rebuilding: Contracts: Special assessments: Milwaukee city charter.*

1. No preliminary estimate or assessment of benefits or damages is required under either sec. 16 or sec. 17, subch. VII, Milwaukee city charter, before the board of public works can cause a sidewalk to be repaired or rebuilt.

2. It is not required, under said sections, that the material of the old sidewalk be used in building a new one, but a defective wooden walk may be replaced with a cement walk.

3. Nor is it required that a separate contract be let for each sidewalk to be rebuilt, but the work may be done under an omnibus contract at a certain price per square yard for all such walks as they may be ordered throughout the year.

4. The resolution of the board of public works, required by said sec. 17, declaring a sidewalk to be in a dangerous condition to persons passing over it, need not specifically state that it is "the judgment of the board" that such dangerous condition exists, nor is it essential that the board should have personally examined the sidewalk condemned.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Frank M. Hoyt,* attorney, and *Edwin H. Abbot, Jr.,* of counsel, and oral argument by *Mr. Hoyt.*

For the respondents there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.*

WINSLOW, C. J. This is an action in equity to set aside two special assessments for the building of sidewalks levied against a block of real estate owned by the plaintiff in the city of *Milwaukee,* on the ground of substantial defects and irregularities in the proceedings. The trial court concluded that the assessments were valid, and the plaintiff appeals.

The alleged defects which it is deemed necessary to treat are (1) that there was no preliminary assessment of benefits and damages as required by the city charter; (2) that if the sidewalks can be considered as having been laid under either sec. 16 or sec. 17 of subch. VII of the charter, still there was no valid assessment here, because there was no power under those sections· to replace a wooden with a cement sidewalk; (3) that in any event the assessments are void because the work was not let to the lowest bidder, and because it was done under a general contract made before the work was ordered to be done.

The charter of *Milwaukee,* like many city charters, contains general provisions for the making of various street improvements, including sidewalks, which require an assessment of benefits and damages to be first made before any contract is let or work done. The charter also contains, however, two sections providing for rebuilding and repairing of sidewalks in a summary way. These sections are secs. 16 and 17 of subch. VII of the city charter of *Milwaukee* (ch. 184, Laws of 1874, as amended), which read as follows:

"Section 16. It is hereby made the duty of the board of public works with the consent of the aldermen of the proper ward unless otherwise provided by ordinance of the common council, to cause the streets, alleys and sidewalks in the city to be kept in proper repair and in a cleanly and wholesome condition at all times, and for this purpose they are empowered with the consent of the aldermen of the ward in which such street, alley or sidewalk is located, to employ the necessary labor, or to contract pursuant to law, for such cleaning and repairing as they may deem necessary for the safety and health of the people. The expense of such cleaning and repairing, except of sidewalks, shall be chargeable to and paid out of the fund of the ward in which such work is done; and the said board is also hereby empowered to cause sidewalks to be repaired, or to be taken up and relaid with new materials or with part new and part old materials, and to be restored to grade and to assess the expense thereof against the lot or piece of land in front of which such work may be done in the man-

ner provided by section 19 of said subch. VII of said chapter 184 of the Laws of 1874.

"Section 17. Whenever any sidewalk, or part of any sidewalk, shall in the judgment of the said board, declared by resolution to that effect, be in a dangerous condition to persons passing over it, for want of being repaired or remade, or on account of being above or below the grade established by the common council, the said board shall have power to order the same to be forthwith repaired or remade, and thereupon forthwith to employ fit persons to repair or remake the same for a fair price, and charge the expense thereof to. the lots, parts of lots, or parcels of land abutting thereon, by a special assessment; and such assessment shall be a valid charge and lien upon such lots, parts of lots or parcels of land, without any estimate, notice, letting or other proceeding preliminary to the doing of such work, except the resolution of said board so declaring such sidewalks to be dangerous."

Counsel for the city claim that no preliminary estimate or assessment of benefits or damages is required under either of these sections, and we entirely agree with them. The sections were evidently designed to enable the city authorities to effectively perform one of their very important duties, namely, the duty to keep the sidewalks of the city in good condition at all times, without the long delays required to carry through the ordinary proceedings for improving a street. The city is thus given the power to protect the lives and limbs of its citizens and to protect itself from the payment of damages resulting from defective sidewalks as well. No narrow or contracted construction should, in our judgment, be given to these sections. We do not think that under either of them the city is required to make any preliminary assessment of benefits and damages, nor do we think that it is required to use the same material in building a new sidewalk which was, in the old walk, nor to let a new contract for each walk ordered to be built.

In the present case the city replaced a defective wooden sidewalk with a cement sidewalk. It also advertised at the

beginning of the season for bids for constructing cement side-walks as they should be needed throughout the year, and made a contract at a certain price per square yard for the construc-tion of such walks as should be wanted from time to time upon an order from the board of public works.    This contract was let to the lowest bidder, and when the sidewalks were or-dered opposite the plaintiff's property the contractor was di-rected to build them under the terms of this previously made omnibus contract, and did so.    We regard this course as en-tirely allowable under either of the sections named.

It seems that the board of public works deemed that they were acting under sec. 17 in ordering the construction of the sidewalks in question, for in each case they passed a resolu-tion to the effect that the sidewalk was "declared to be in a dangerous condition to persons passing thereon" for the rea-sons named in sec. 17.    It is objected that this resolution is ineffective, because it does not declare that it is the judgment of the board that such dangerous condition exists, and for the further reason that it appears that the board did not examine personally the sidewalks condemned, but relied on reports made to them by inferior officers and employees.    We do not regard these objections as substantial.

*By the Court.*—Judgment affirmed.