RICKETSON and another, Respondents, vs. CITY OF MILWAU-
KEE, imp., Appellant.

*October 30, 1913—January 13, 1914.*

*Municipal corporations: Sidewalks: Repairing and relaying: Mil-
waukee city charter: Board of public works: Powers: Pleading.*

1. In sec. 16, ch. VII, Milwaukee City Charter, which imposes upon
   the board of public works the duty "to cause the streets, al-
   leys and sidewalks in the city to be kept in proper repair and
   in a cleanly and wholesome condition," the further provision
   empowering said board "to cause sidewalks to be repaired, or
   to be taken up and relaid with new materials, or with part
   new and part old materials," etc., refers only to walks which
   are out of repair.

2. In an action to restrain collection of a special assessment for
   constructing new sidewalks, allegations that the sidewalks
   which were taken up were "good, safe, and sufficient side-
   walks, in repair and at proper grade and of required size, free
   from any danger to persons passing over the same," admitted
   by demurrer, show that the board of public works had no
   power under said sec. 16 to build the new walks.

APPEAL from an order of the circuit court for Milwaukee
county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought to restrain the collection of a spe-
cial assessment against fifteen lots belonging to the plaintiffs,
which assessment was levied for the expense of constructing
cement sidewalks amounting to $662.42. The material parts
of the city charter involved in this controversy are secs. 16
and 17, ch. VII, and are as follows:

"Section 16. It is hereby made the duty of the board of
public works, with the consent of the aldermen of the proper
ward, unless otherwise provided by ordinance of the common
council, to cause the streets, alleys and sidewalks in the city
to be kept in proper repair, and in a cleanly and wholesome
condition at all times, and for this purpose they are empow-
ered, with the consent of the aldermen of the ward in which
such street, alley or sidewalk is located, to employ the neces-
sary labor, or to contract pursuant to law, for such cleaning

and repairing as they may deem necessary for the safety and health of the people, the expense of such cleaning and repairing, except of sidewalks, shall be chargeable to and paid out of the fund of the ward in which such work is done; and the said board is also hereby empowered to cause sidewalks to be repaired, or to be taken up and relaid with new materials, or with part new and part old materials, and to be restored to grade, and to assess the expense thereof against the lot or piece of land in front of which such work may be done, in the manner provided by section 19 of said subchapter VII of said chapter 184 of the Laws of 1874."

"Section 17. Whenever any sidewalk or part of any sidewalk shall, in the judgment of said board, declared by resolution to that effect, be in a dangerous condition to persons passing over it, for want of being repaired or remade, or on account of being above or below the grade established by the common council, the said board shall have power to order the same to be forthwith repaired or remade, and thereupon forthwith to employ fit persons to repair or remake the same for a fair price, and charge the expense thereof to the lots, parts of lots, or parcels of land abutting thereon, by a special assessment; and such assessment shall be a valid charge and lien upon such lots, parts of lots or parcels of land, without any estimate, notice, letting or other proceeding preliminary to the doing of such work, except the resolution of said board so declaring such sidewalks to be dangerous."

The complaint sets forth the interest of the plaintiffs in the property in question; the corporate existence of the city of *Milwaukee;* that William H. Graebner is treasurer and as such charged with the collection of taxes; that all the lots in question are vacant except one and are situate in an outlying resident part of the city of *Milwaukee;* the location of the lots on the streets;

"That on September 7, 1907, and for many years prior thereto, and subsequent to said date, up to the time hereinafter alleged, when the board of public works of the city of *Milwaukee* caused the same to be torn up, the plaintiffs were maintaining, in front of all of said lots on Homer and Graham streets, and the same were good, safe and sufficient side-

walks, in repair and at proper grade and of required size, free from any danger to persons passing over the same.

"The plaintiff further alleges on information and belief that on or about September 7, 1907, the board of public works of said city, without any notice whatsoever to the plaintiffs, ordered, instructed and directed the ward superintendent of the Seventeenth ward of the city of *Milwaukee* to cause the wooden walks in front of all of said lots, so maintained by these plaintiffs, to be pulled up and cement walks to be laid in their stead, upon the pretense that said walks were defective, dangerous and not at proper grade; that within a short time thereafter the said superintendent did, without any notice to this plaintiff, cause the said wooden sidewalks in front of all of said lots to be pulled up and cement walks laid in their place in front of all of said lots at a total cost of $662.43; that the cost of said walk in front of each particular lot was as follows, to wit:" [Here follows a description of the property and amounts assessed to each lot.]

"That the board of public works did thereupon charge the said cost of construction of said cement sidewalks to the said several lots and did cause steps to be taken whereby the plaintiffs' above described property was, in form, specially assessed for the entire cost of said work as follows:" [Here follows description of property and amounts assessed.]

"That said pretended special assessments against the said several lots were thereafter, by the officers of the defendant city, placed upon the tax roll of said city for 1907, as a special assessment and tax against said property in the following amounts, to wit:" [Here follows description of property and amounts assessed.]

The complaint further alleges that the proceedings of the board are arbitrary, unreasonable, and without authority of law, and that no resolution declaring that the walks were in a dangerous condition or above or below grade was passed; that the board did not view the premises, and that the sums charged against the lots were excessive and more than the sidewalks were worth; that no notice was given to plaintiffs at any stage of the proceedings; that the board pretended to

act under sec. 17, ch. VII, of the charter; that the proceed-
ings of the board were illegal and void; that the plaintiffs
have paid all taxes on said lots for 1907 except the special
taxes referred to herein, and are ready and willing to pay
them or such part as may legally and justly be assessed and
taxed against said lots; that the tax roll is in the hands of
the defendant city treasurer for collection and he is threat-
ening to collect.

The prayer of the complaint is that the assessment be de-
clared void and the defendants restrained from selling said
lots and collecting the taxes, and for general relief.    The de-
fendants demurred to the complaint for want of facts suffi-
cient to constitute a cause of action.    The demurrer was
overruled with leave to answer, and from the order overruling
it this appeal was taken.

For the appellant there was a brief by *Daniel W. Hoan*,
city attorney, and *Clifton Williams,* special assistant city at-
torney, and oral argument by *Mr. Williams.*

For the respondents there was a brief by *Otjen & Otjen*,
and oral argument by *Henry Otjen.*

KERWIN, J.    It is insisted by appellant that the sidewalk
in question was built under sec. 16, ch. VII, of the city char-
ter, being ch. 184, Laws of 1874 as amended, while on the
part of the respondents it is insisted that it was built under
sec. 17, ch. VII, of the city charter.    The complaint clearly
shows that the provisions of sec. 17 were not complied with,
in that no resolution was passed to the effect that the side-
walk was in a dangerous condition, and moreover that the
walk was not built at a fair price, and that at the time the
sidewalk was built the plaintiffs were in fact maintaining in
front of the lots in question a good, safe, and sufficient side-
walk, in repair and at proper grade and of the required size,
and free from any danger to persons passing over it.    But
the appellant insists that the board of public works had the

right, under sec. 16, ch. VII, of the city charter, to construct a new sidewalk of different material without any resolution declaring the walk to be in a dangerous condition as provided in sec. 17, and therefore the complaint fails to state a cause of action.

The contentions made involve the construction of said secs. 16 and 17. We are asked by counsel for appellant to construe sec. 16, since it is important that the city should be informed of its rights in view of the extensive sidewalk improvements which are constantly going on in the city.

If the action of the board was authorized under either section the complaint states no cause of action, and the demurrer must be sustained. If the board of public works has the right to take up a wooden sidewalk which is in good condition and repair and put down a cement walk and charge the expense of such new walk to abutting owners, then the complaint states no cause of action.

There can be no doubt that the board had no jurisdiction to build the walk under sec. 17, because that section requires, as a condition precedent to the building of the walk, a resolution as therein provided, and the complaint alleges that no such resolution was passed. It therefore becomes necessary to inquire whether the allegations of the complaint negative the right of the board to build under sec. 16. True, no resolution is required under sec. 16, and the question arises whether the power and authority of the board to take up existing walks and build new walks is absolute and without limitation, or whether the board has the power to rebuild or repair only in case the walk is out of repair or defective.

Secs. 16 and 17, ch. VII, as they appear in the charter of the city of *Milwaukee* (ch. 184, Laws of 1874), have been changed by amendment. Sec. 16 as originally written in the charter provides for keeping sidewalks in repair, and that it shall be the duty of the board of public works, unless otherwise provided by ordinance, to cause the streets, alleys,

and sidewalks in the city to be kept in proper repair and in a cleanly and wholesome condition, and for that purpose it is empowered to employ the necessary labor or contract pursuant to law for such cleaning, and the expense of cleaning and repairing, except of alleys and sidewalks, is to be paid out of the general fund; and the board is also empowered to cause sidewalks to be repaired or to be taken up and relaid with part new and part old materials of the kind previously laid down, and to assess the expense thereof against the lot or land in front of which such work may be done.   The section further provides for notice to the owners that the repairs are necessary and describing the work to be done, and that the persons interested can make such repairs within a certain time, and that after such time such work will be done by the board of public works and the expense assessed against the lots, and contains other provisions for the doing of the work. Sec. 17 as originally written in the charter provides for repairing or remaking sidewalks in case they are in a dangerous condition and so declared by resolution without notice or other proceeding.

Sec. 16 was changed by the legislature in 1875 by providing that the expense of cleaning and repairing, except of sidewalks, shall be chargeable to and paid out of the fund of the ward in which such work is done.

Sec. 17 was amended by sec. 5, ch. 311, Laws of 1876, by inserting after the word "remade" in the fifth line of said section the words "or on account of being above or below the grade established by the common council."   Sec. 21 of ch. 324, Laws of 1882, amended said sec. 16 by providing that urgent repairs of sidewalks which can be made at a cost not exceeding $3 for any fifty lineal feet of said walk may be made without giving any notice and without any previous order or resolution, and the expense be charged to the lots, and further amended the section by not limiting the material

used in relaying of sidewalks to the kind previously laid down.

The next amendment was by ch. 388, Laws of 1889, vol. 2, p. 892, which amendment left said sec. 16 as it now stands. The history of sec. 16 from its enactment in 1874 down to the present time shows quite clearly that the primary power conferred upon the board was to keep streets clean and sidewalks in repair. It provides that it is made the duty of the board, with the consent of the aldermen of the proper ward, unless otherwise provided by ordinance of the common council, "to cause the streets, alleys and sidewalks in the city to be kept in proper repair, and in a cleanly and wholesome condition at all times . . . ; and the said board is also hereby empowered to cause sidewalks to be repaired, or to be taken up and relaid with new materials or with part new and part old materials. . . ."

It seems quite clear that this section confers no power to interfere with a sidewalk unless it is out of repair. Manifestly the power given to take up and relay with new material or with part new and part old material refers to walks out of repair, and does not empower the board to tear up a sidewalk which is in good repair and replace it with a new walk. So it follows that if the sidewalk was in good repair the board had no power to tear it up and replace it by a new walk and charge the expense to the lots in question.

As we have seen, sec. 16 as it existed before amendment required notice to the lotowners and opportunity to repair before the board could act, and provision for emergency was made in sec. 17 in case the walk was in a dangerous condition. By amendment slight repairs were allowed under sec. 16 without notice to lotowners, and later amendment swept away all provisions as to notice and left sec. 16 in its present condition and the board free to repair and relay walks without notice. But there is no intimation in the sec-

tion as it stood originally or by amendment indicating that any power was conferred upon the board to build a new walk when the existing walk was in good repair. Doubtless a very broad discretion is vested in the board in determining whether a walk is in good repair or not. But in the instant case the complaint alleges among other things that the sidewalks were "good, safe and sufficient sidewalks, in repair and at proper grade and of required size, free from any danger to persons passing over the same." These allegations are admitted by the demurrer and show that the board had no power to build the walks in question, and hence the complaint states a good cause of action and the demurrer was properly overruled.

We are cited by counsel for appellant to *Abbot v. Milwaukee,* 148 Wis. 22, 134 N. W. 136, as being in point. True, that case deals with said secs. 16 and 17, ch. VII, of the city charter and holds that no narrow construction should be given them, but the point here involved was not involved there. It was there held that a separate contract was not required to be let for each sidewalk to be rebuilt, but that the work might be done under an omnibus contract, and also that a defective wooden walk might be replaced with a cement walk; and further that under said sec. 17 the resolution need not specifically state that it is "the judgment of the board" that such dangerous condition exists, nor is it essential that the board should personally examine the sidewalk condemned.

*By the Court.*—The order appealed from is affirmed.

TIMLIN, J., dissents.